UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH FISHER,

        Petitioner,

v.

M. CRUZ, Warden,

        Respondent.

Civil No. 07-4556 (PAM/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. He is serving a 96-month federal prison sentence that was imposed in 2003 in the United States District Court for the Eastern District of Pennsylvania.

Petitioner's current § 2241 habeas corpus petition was filed shortly after the disposition of an earlier § 2241 habeas corpus action that he brought in this District – Fisher

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

v. Bureau of Prisons, Civil No. 07-3822 (PAM/AJB), [hereafter "Fisher I"]. In that case, District Court Judge Paul A. Magnuson determined, (following a Report and Recommendation from the undersigned Magistrate Judge), that Petitioner was challenging the validity of the sentence imposed in 2003 in his Pennsylvania federal criminal case.[2] As a general rule, however, such challenges can be raised only in a motion to the trial court brought under 28 U.S.C. § 2255. (See Fisher I, Order dated October 1, 2007; [Docket No. 5].) Therefore, Judge Magnuson ordered that the habeas corpus petition filed in Fisher I would be construed to be a § 2255 motion, and that the matter should be transferred to the trial court in the Eastern District of Pennsylvania. (Id.) Petitioner appealed the transfer order that was entered in Fisher I, and that appeal is now pending in the Eighth Circuit Court of Appeals.

The claims presented in Petitioner's current habeas corpus petition are very similar to the claims that he tried to raise in Fisher I. Petitioner is once again claiming that the trial court committed an error during the sentencing process, and, as a result, the federal Bureau of Prisons, ("BOP"), is enforcing an allegedly invalid sentence against him. However, Petitioner's claims cannot be entertained here, because his present habeas corpus petition constitutes an abuse of the writ.

**II. DISCUSSION**

> "The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused

---

[2] The Report and Recommendation in Fisher I provides additional information about Petitioner's conviction and sentence, and subsequent legal proceedings.

the writ."

Kuhlmann v. Wilson, 477 U.S. 436, 444, n. 6 (1986) (plurality opinion), quoting Sanders v. United States, 373 U.S. 1, 15-17, 17-19 (1963).  See also Phelps v. United States Government, 15 F.3d 735, 737-38 (8th Cir.), cert. denied, 511 U.S. 1114 (1994); George v. Perrill, 62 F.3d 333, 334-35 (10th Cir. 1995).  "A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition."  Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995) (citations omitted).

An abusive habeas petition will be entertained by a federal court only if the petitioner is able to show (a) some acceptable "cause" for his failure to raise his new claims, (or properly present his old claims), in his prior habeas petition, and (b) "actual prejudice" that will result if the court fails to consider the claims that he seeks to raise in his new habeas petition.  McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).  See also Nachtigall, 48 F.3d at 1079.  In the alternative, an abusive petition may be entertained where the petitioner "supplements a constitutional claim with a 'colorable showing of factual innocence.'"  McCleskey, 499 U.S. at 495, quoting Kuhlmann, 477 U.S. at 454.[3]

In Phelps, supra, our Court of Appeals upheld the summary dismissal of a federal inmate's third application for relief under 28 U.S.C. § 2241, based on abuse of the writ.

---

[3] To qualify for the factual innocence exception, the petitioner must "'support his allegation of constitutional error with new reliable evidence.'"  Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added).  For purposes of showing factual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'"  Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

The Minnesota District Court had found the inmate's petition to be abusive, because the claims that he was attempting to raise could have been presented in an earlier petition. The Eighth Circuit Court of Appeals agreed that the inmate's new habeas petition was abusive, and held that the District Court had properly dismissed it without reaching the merits.  15 F.3d at 738.

Here, as in Phelps, Petitioner is attempting to challenge the duration of his confinement by federal authorities based on claims that were raised, or could have been raised, in a prior § 2241 habeas proceeding – namely Fisher I.  Some of Petitioner's current arguments may be couched in new terms, or posed in a different manner, but it clearly appears that the relief he is seeking here is indistinguishable from the relief he sought in Fisher I.  Thus, the Court finds that Petitioner's current application for habeas corpus relief constitutes an abuse of the writ.

The Court further finds that Petitioner cannot qualify for either the "cause and prejudice" exception, or the "factual innocence" exception, which the Supreme Court recognized in McCleskey.  Petitioner has made no attempt to explain why he should be allowed to challenge his current prison sentence – once again -- in a second § 2241 habeas corpus petition.  Whatever legal claims Petitioner may be attempting to present in this case were already raised, or should have been raised, in Fisher I.  The Court will therefore recommend that this action be summarily dismissed as an abuse of the writ.[4]

---

[4] The Court notes that even if Petitioner could overcome the abuse of the writ doctrine, (by showing cause and prejudice or actual innocence, or by some other means), the merits of his current claims for relief still could not be addressed here.  Even if abuse of the writ were not applicable here, Petitioner still could not challenge his sentence in the present § 2241 habeas corpus petition, for the reasons discussed in Judge Magnuson's Order, (and this Court's Report and Recommendation), in Fisher I.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED as an abuse of the writ.

Dated: November 20, 2007

                                             s/ Arthur J. Boylan
                                             ARTHUR J. BOYLAN
                                             United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 5, 2007.